# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4735-18T3

J.F.,

     Plaintiff-Respondent,

v.

L.F.,

     Defendant-Appellant.

_____

         Submitted February 10, 2020 – Decided April 7, 2020

         Before Judges Ostrer and Susswein.

         On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FV-07-2670-19.

         Velazquez Law, LLC, attorneys for appellant (Candy Ley Velazquez, on the brief).

         Respondent has not filed a brief.

PER CURIAM

Defendant, L.F., appeals from the entry of a domestic violence final restraining order (FRO) entered against her in favor of her son, J.F. Both parties appeared pro se at the FRO plenary hearing. The trial court found that L.F. committed the predicate act of harassment by driving past J.F.'s house repeatedly and by "posting" her vehicle near his house for approximately five hours.[1] The court also found that an FRO was needed to prevent further abuse.

L.F. raises several contentions on appeal, including that she was denied the right to cross-examine J.F. and was not permitted to fully present her case. We have reviewed the record in view of the applicable legal principles and conclude that the informal manner in which the FRO hearing was conducted denied L.F. her right to cross-examine J.F. This procedural deficiency undermined the integrity of the factfinding process to the point that a new plenary hearing is required.

In view of our ruling based on procedural error, we need not recount in this opinion the facts that detail how the relationship between mother and son deteriorated over time. We presume the parties are familiar with the previous

---

[1] We note the TRO complaint did not allege stalking as a predicate act.

A-4735-18T3

domestic violence litigation in 2014 and the circumstances surrounding the predicate act alleged in the TRO. Instead, we focus our attention on the manner in which the pro se FRO hearing was conducted.

We begin our analysis by acknowledging the legal principles that govern this appeal. As a general matter, findings by a Family Part judge are "binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 412 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). The Family Part has special jurisdiction and expertise in these matters. Cesare, 154 N.J. at 413. Accordingly, an appellate court should not disturb the trial court's factfinding unless the court is "convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 412 (quoting Rova Farms, 65 N.J. at 484).

The deference we give to a Family Part judge's factfinding, however, presupposes that the FRO hearing was conducted in accordance with the due process rights of the parties. The ability, for example, to pose probing questions to opposing witnesses—or the right to have the judge pose specifically requested questions to the adverse party in a pro se hearing—is a matter of fundamental importance. Cross-examination has been described as "the 'greatest legal engine

ever invented for the discovery of truth.'" State v. Castagna, 187 N.J. 293, 309 (2006) (quoting California v. Green, 399 U.S. 149, 158 (1970)). Accordingly, we have previously held that the failure to provide a defendant with an opportunity to cross-examine plaintiff is a deficiency in process that warrants reversal.

In Franklin v. Sloskey, for example, the trial court did not inform the pro se parties of the right to cross-examine, and the parties were unaware of this right. 385 N.J. Super. 534, 543 (App. Div. 2006). We concluded this denied the parties their procedural rights. Ibid.

So too in Peterson v. Peterson, we highlighted the importance of the right to cross-examine. 374 N.J. Super. 116, 124 (App. Div. 2005). In that case, the hearing was informal, the judge asked the questions, and neither party had the opportunity to conduct cross-examination. Id. at 118. Additionally, the defendant had witnesses who did not testify, despite the witnesses having appeared at the hearing. Ibid. We expressed concern at the "informality of the proceedings and the failure to afford [the] defendant essential procedural safeguards including the right to cross-examine adverse witnesses and the right to call witnesses in his own defense." Id. at 124.

A-4735-18T3

We now apply these legal principles and precedents to the circumstances of the present case. Before initiating the FRO hearing, the trial court fully explained the consequences of an FRO. The court asked defendant if she wished to speak to an attorney, to which she answered no. Defendant answered affirmatively when asked if she was ready to address the TRO complaint. She also answered in the affirmative when the court asked whether she had all the documents and witnesses she felt were necessary to confront the allegations.

The court then began to informally question both plaintiff and defendant. At no point did the court explain to either party they could cross-examine the other. Nor did the court ask defendant if she had any questions that she wanted the court to pose to J.F.

It also is noteworthy that even after the court issued its ruling in J.F.'s favor, L.F. attempted to add to her defense. The following colloquy took place:

> THE COURT: Do you have any questions, [L.F]?
>
> L.F: I have the letter for my co-worker. I know the decision [to issue an FRO] is made. I can't do anything. But, who has the criminal record here is him. Not me. After 2014 I --
>
> THE COURT: The Court has accepted --
>
> L.F.: I never followed his wife.
>
> COURT OFFICER: Ma'am.

THE COURT: The Court has accepted the testimony of [J.F.] as being convincing in terms of the manner in which you were not only present but that you followed his wife when she left the residence.[2]

This exchange suggests that L.F. had additional evidence she wanted the court to consider.[3] It also shows she conceptualized an attack on J.F.'s credibility had she been informed of her right to cross-examination and given an opportunity to exercise that right.

In sum, the trial court erred by failing to explain the right of cross-examination and then compounded that error by failing to ask defendant if she had any questions she wanted posed to plaintiff. In this instance, it appears that she was foreclosed from pursuing a line of cross-examination that might have challenged her son's credibility and his version of events. As we noted in Franklin, "[w]e understand that in a pro se trial a judge often has to focus the testimony and take over the questioning of the parties and witnesses. That should be done in an orderly and predictable fashion however, and not at the

---

[2] J.F.'s wife did not testify at the FRO hearing.

[3] The record also shows the trial court issued its ruling without asking if defendant was finished testifying. Further, the court did not ask defendant if she had any witnesses she wanted to call or evidence she wanted to submit.

A-4735-18T3

expense of the parties' due process rights." 385 N.J. Super. at 543 (emphasis added).

In view of this procedural error, we reverse entry of the FRO, reinstate the TRO, and remand for a new FRO hearing. Because the trial court has already made explicit credibility findings, we direct that this matter be heard by a different judge on remand. See J.L. v. J.F., 317 N.J. Super. 418, 438 (App. Div. 1999) (directing that a different judge conduct a plenary hearing on remand because "the [original] judge determined plaintiffs' position was not credible," noting, "[t]his reflects a policy of the courts, and not on the professional manner in which this matter was handled by the motion judge.").

Reversed and remanded, and the TRO is reinstated pending further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4735-18T3